IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-11-2263-PHX-SRB (DKD) |
| Plaintiff, | CR-99-0963-PHX-SRB |
| | **REPORT AND RECOMMENDATION** |
| vs. | |
| Michael Loren Miller, | |
| Defendant. | |

Pursuant to a Standing Order of Referral, dated July 9th, 2014, the Honorable Susan R. Bolton, United States District Judge, referred each Petition to Revoke Supervised Release in the above-numbered cases to the undersigned Magistrate Judge to conduct a "hearing and preparation of findings and recommendations . . . and submit the necessary Report and Recommendation . . . ."[1]  Pursuant to 18 U.S.C. § 3401(i) and 28 U.S.C. § 636(b)(3), the parties expressly consented in writing that this Magistrate Judge conduct revocation hearings on the Petitions. (Docs. 41 in CR-11-2263-PHX-SRB (DKD); 65 in CR-99-963-PHX-SRB) *See United States v. Colacurcio*, 84 F.3d 326, 332 (9th Cir. 1996).

Pursuant to Rule 32.1(b)(2), Federal Rules of Criminal Procedure ("Fed.R.Crim.P."), combined revocation hearings were scheduled on July 8, 2014 in open court. Defendant was physically present, and represented by his counsel of record, AFPD Susan E. Anderson. The

---

[1] Pursuant to 18 U.S.C. § 3401(i), "[a] district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation, or termination by the judge[.]"

Government was represented by AUSA Vincent Q. Kirby. United States Probation Officer Elizabeth Kraft was also present. Defendant expressed the desire to waive formal revocation hearings, decline to make any admissions or statements to the Court, and submit the violation questions on the allegations in the Petitions and the Probation Officer's January 21, 2014 Memoranda. The Court advised Defendant of the right to enter denials, the rights he was giving up by not having revocation hearings, and the potential maximum disposition for each supervised release allegation in the Petitions. The Court took the matters under advisement.

**I. Revocation of Supervised Release**

The standard of proof for revocation of supervised release is governed by statute. Title 18 U.S.C. § 3583(e)(3) provides, in relevant part, that a district court may revoke a term of supervised release "[i]f the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release[.]" *See also United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (citing, *inter alia*, 18 U.S.C. § 3583(e)(3)); *United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation.). "On a challenge to the sufficiency of evidence supporting a supervised release revocation, the Ninth Circuit asks "whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. Haile*, 527 Fed.Appx. 633, 634 (9th Cir. 2013) (quoting *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotation marks omitted); *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007)).

The Ninth Circuit has noted that "[p]arole, probation, and supervised release revocation hearings are constitutionally indistinguishable and are analyzed in the same manner." *United States v. Hall*, 419 F.3d 980, 987 n. 4 (9th Cir. 2005) (citing *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999) (noting that the Supreme Court and the Federal Rules of Criminal Procedure have extended the same minimum due process rights

to all three types of revocation proceedings)). Although preponderance of the evidence is a "[l]ower standard than the 'beyond a reasonable doubt' standard required for a criminal conviction, there must still be credible evidence the releasee actually violated the terms of supervised release." *Perez*, 526 F.3d at 547; *see also United States v. Hankerson*, 208 Fed. Appx. 810, at *1 (11th Cir. 2006) ("Preponderance of the evidence is not a high standard of proof. It is not, however, a toothless standard either.") (internal quotation marks and citation omitted); *see also United States v. Hilger*, 728 F.3d 947, 949-51 (9th Cir. 2013) (explaining why the Government's burden of proof is lower for revocation than a criminal trial).

Revocation proceedings are intended "to be 'flexible,' reflecting their difference from a criminal prosecution" and less formal in which the rules of evidence, including those pertaining to hearsay, need not be strictly applied. *Id.*, at 950 (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)); *United States v. Francis*, 2012 WL 3289833, at *1 (D. Ariz. Aug. 13, 2012) (citing Fed.R.Evid. 1101(d)(3); *United States v. Walker*, 117 F.3d 417, 421 (9th Cir. 1997); *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012)). Nevertheless, the "[a]dmission of hearsay evidence in revocation of supervised release proceedings is governed by the Fifth Amendment right to due process." *Perez*, 526 F.3d at 548 (citing *Hall*, 419 F.3d at 985 & n. 4)). "A releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses." *Id.* (quoting *Hall*, 419 F.3d at 986) (internal quotation marks omitted); *see also* Fed.R.Crim.P. 32.1(b)(2)(C) (a releasee is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear"). In *Perez*, the Ninth Circuit reversed the District Court of Hawaii's finding of a supervised release violation based solely on a positive drug test where the only evidence of the violation was an undisputed diluted urine sample, the Government failed to call the Virginia technician to testify and be cross-examined to determine the reliability of urine test results, and the Government "[f]ailed to use an available substitute for the [technician's] live testimony, such as affidavits, depositions, and

1  documentary evidence.") (citation and internal quotation marks omitted). *Perez*, 526 F.3d at

2  549.

3  **II. Findings of Fact**

4      The Court finds that Defendant knowingly, intelligently, and voluntarily waived his

5  right to revocation hearings and consented that the revocation issues be submitted to the

6  Court based on the Probation Officer's January 21, 2014 Memoranda in both cases.

7      **A. CR-99-963-PHX-SRB**

8      On January 24, 2014, a third Petition to Revoke Supervised Release was filed under

9  seal, alleging Defendant violated two conditions of his supervised release. (Doc. 56)

10  Specifically, the Petition alleges violations of Standard Condition No. 7: "You shall notify

11  the probation officer at least ten days prior to any change of residence or employment." (*Id.*

12  at 1) The second allegation is that Defendant violated Special Condition No. 4: "You shall

13  reside in a residence approved, in advance, by the probation officer. Any changes in the

14  residence must be pre-approved by the probation officer." (*Id.* at 2) A violation of either

15  allegation is a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3).

16      According to this Petition, on June 21, 2000, Defendant was convicted of the crime

17  of Aggravated Sexual Abuse, a Class A felony, and committed to the Bureau of Prisons for

18  87 months, followed by 60 months of supervised release. (*Id.* at 1) Defendant's supervised

19  release was revoked on February 10, 2011, and he was sentenced to 9 months in custody and

20  51 months of supervised release, beginning on November 5, 2013. The Petition indicates

21  Defendant's current term of supervised release expires on February 4, 2018. (*Id.*)

22      **B. CR-11-2263-PHX-SRB (DKD)**

23      On January 24, 2014, a first Petition to Revoke Supervised Release was filed in this

24  case under seal, alleging Defendant violated the same two conditions of his supervised

25  release in CR-99-963-PHX-SRB and two additional conditions. (Doc. 32) Additionally, this

26  Petition alleges violations of Special Condition No. 5: "You shall register as a sex offender

27  with all federal, state, tribal or other local laws or as ordered by the Court. Failure to comply

28  with registration laws may result in new criminal charges." (*Id.* at 2) The fourth allegation

claims Defendant violated Special Condition No. 9: "You shall reside in and abide by the rules of a Residential Re-entry Center, or any other residential based program approved by the supervising probation officer for 180 days, unless discharged earlier by the probation officer." (*Id.*)   Each of the four allegations, if proven, constitutes a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3).

According to this Petition, Defendant was convicted of Escape (Count 1), a Class D felony, and Failure to Register as a Convicted Sex Offender (Count 2), a Class C felony, on October 1, 2012. (Doc. 32 at 1) Defendant was committed to the Bureau of Prisons for 18 months on Count 1 and 24 months for Count 2, each term of imprisonment running concurrently to the other, followed by three years of supervised release on Count 1, and lifetime supervision on Count 2. (*Id.* at 1) Defendant's lifetime supervised release commenced on November 5, 2013. (*Id.*)

By a preponderance of the evidence presented, the relevant facts in both cases are as follows: After being released from BOP custody and beginning his terms of supervised release on November 5, 2013, Defendant was referred to sex offender treatment and enlisted services from San Xavier Behavioral Health Center, a Residential Re-entry Center ("RRC"), to address receipt of medication and receiving mental health services. On January 18, 2014, Defendant refused to comply with a Breathalyzer test as directed by RRC staff and left the control center. Minutes later, RRC staff discovered a bottle of vodka in a drawer assigned to Defendant in Defendant's room. Defendant then voluntarily left the RRC without permission, taking his belongings with him.  Prior to his arrest on May 29, 2014, Defendant did not contact the probation officer to report or advise of his whereabouts.

**III. Conclusions of Law**

Defendant's combined revocation hearings were conducted within a reasonable time of his May 29, 2014 arrest on both Petitions and this District Court has jurisdiction over Defendant's supervised release. *See* Rule 32.1(b)(2), Fed.R.Crim.P.  All requirements of Rule 32.1(b)(2) have been met.

Having considered the subject Petitions and Memoranda, the undersigned Magistrate

Judge **finds** as follows:

1) the Government has established by a preponderance of the evidence in CR-99-963-PHX-SRB that Defendant violated Standard Condition No. 7 and Special Condition No. 4, both Grade C violations;

2) the Government has established by a preponderance of the evidence in CR-11-2263-PHX-SRB (DKD) that Defendant violated Standard Condition No. 7, Special Condition No. 4, and Special Condition No. 9, all Grade C violations; and

3) the Government has failed to establish by a preponderance of the evidence in CR-11-2263-PHX-SRB (DKD) that Defendant violated Special Condition No. 5 as there is no evidence in Probation Officer Kraft's January 21, 2014 Memorandum that Defendant was required to register as a sex offender a second time after he initially registered upon his last release from custody, that Special Condition No. 5 specifically required Defendant to report a change of address as the sex registration laws may allegedly require, or that Special Condition No. 5 gave Defendant constitutional notice that the failure to comply with sex offender change-of-address laws could result in a violation of Defendant's supervised release.

**IV. Recommendation**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and LRCrim 57.6(d)(4), Rules of Practice for the District of Arizona, the undersigned Magistrate Judge **RECOMMENDS** that the Honorable Susan R. Bolton, United States District Judge, after an independent review of the record, find as follows: 1) that Defendant violated Standard Condition No. 7 and Special Condition No. 4 in CR-99-963-PHX-SRB; 2) that Defendant violated Standard Condition No. 7, Special Condition No. 4, and Special Condition No. 9 in CR-11-2263-PHX-SRB (DKD); and 3) that Defendant's terms of supervised release be revoked.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(b)(1), Federal Rules of Appellate Procedure, should not be filed until after entry of the District Court's judgment.

1      **IT IS ORDERED** setting final disposition hearings in both cases for **Monday,**

2  **August 25, 2014, at 11:30 a.m** before the Honorable Susan R. Bolton, United States District

3  Judge, in Courtroom 502, Sandra Day O'Connor U.S. Courthouse, 401 West Washington

4  Street, Phoenix, Arizona.

5      **IT IS FURTHER ORDERED** that the U.S. Probation Department shall prepare

6  Disposition Report(s) and the Defendant shall cooperate with the Probation Department in

7  its preparation of the Disposition Report(s).

8      **IT IS FURTHER ORDERED** that any objection to the revocation proceeding and

9  any request(s) for supplementation of this proceeding must be made by the parties in writing

10  and shall be specific as to the objection(s) or request(s) made. All objections or requests for

11  supplementation shall be filed within fourteen (14) days of the date of service of a copy of

12  these findings unless extended by an order of the assigned District Judge. *See* 28 U.S.C. §

13  636(b)(1); Rule 59(b)(2), Fed.R.Crim.P.  Failure to timely file objections to the undersigned

14  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

15  and Recommendation by the District Judge without further review. *See United States v.*

16  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any

17  factual determinations of the undersigned Magistrate Judge will be considered a waiver of

18  a party's right to appellate review of the findings of fact in an order or judgment entered

19  pursuant to the Magistrate Judge's recommendation. *See* Rule 59, Fed.R.Crim.P.

20      **IT IS FURTHER ORDERED** that no more than ten (10) character letters shall be

21  submitted by defense counsel, unless otherwise ordered by the assigned District Judge. All

22  character letters Defendant or his attorney would like the assigned District Judge to read and

23  consider before pronouncing disposition (including the translation of any documents from

24  Spanish to English) must be submitted in paper form with the original to the probation office

25  and copies to the assigned District Judge and opposing counsel no later than five (5) business

26  days prior to the disposition date or they may be deemed untimely by the assigned District

27  Judge and not considered by him/her. *See* ECF Manual, II § Q at 29.

28      **IT IS FURTHER ORDERED** that any motions for upward departure, downward

departure and disposition memoranda must be filed, at least, seven (7) business days prior to the disposition date. Responses are due, at least, three (3) business days prior to the disposition date. Any motion to continue the disposition hearing must be filed promptly upon discovery of the cause for a continuance and state the cause with specificity. Motions to continue disposition filed less than fourteen (14) days before disposition are disfavored.

Dated this 1st day of August, 2014.


Lawrence O. Anderson
United States Magistrate Judge